UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

NANCY GRANT,

                    Plaintiff,

vs.                                Case No.   2:06-cv-429-FtM-99DNF

ROBERT B. BENNETT, JR., JAMES S.
PARKER, DONALD H. HARTERY, JR.,
RUSSELL T. KIRSHY, DRAKE BUCKMAN,
SUSAN G. WRIGHT, LON AREND, CLIFF A.
RAMEY, MICHAEL TYNN, KEVIN SHIRLEY,
MARK T. FLAHERTY, VINCE A. SICA,
SHANNON L. HOWARD, MARIA TREVINO,

                    Defendants.
_____

                        **OPINION AND ORDER**

       This matter comes before the Court on a *sua sponte* review of

the "Complaint and Notice of Removal of Cases From State Court

Opening Statement" (Doc. #1), filed on August 23, 2006, for

jurisdiction.  For the reasons stated below, the Court finds no

jurisdiction.

       Plaintiff Nancy Grant seeks to have her son Kevin Daughtrey's

criminal case removed from state court alleging constitutional

violations.  Plaintiff's Statement of Facts (Doc. #1, pp. 2-6)

cover numerous unrelated issues ranging from allegations that

Judges and attorneys are threatening and coercing pleas from DeSoto

County Jail inmates behind closed doors, to allegations that her

son is being held hostage in jail.  Plaintiff Nancy Grant also

makes statements on behalf of her friend Dorothy Carter who is also

not a party to this case. Plaintiff seeks federal intervention in her own criminal case and her son's criminal cases.

**A.**

Initially the Court would note that the case was not properly removed from state court, as provided by 28 U.S.C. § 1446, but was originally filed herein. Therefore, no removal occurred. To the extent that plaintiff seeks the removal of her criminal or her son's criminal case, plaintiff has not satisfied 28 U.S.C. §§ 1443 or 1446(c) to cause such removal. More specifically, plaintiff must satisfy the two-prong test under Rachel by showing that the right violated arises under federal law "'providing for specific civil rights stated in terms of racial equality'" and also show that she has been denied or cannot enforce the right in the state courts. Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001)(quoting Georgia v. Rachel, 384 U.S. 780, (1966)). No claims of racial inequality have been made in the Complaint.

The Court notes that Kevin Daughtrey is not named as a plaintiff in this case and there is no indication that Nancy Grant is acting as his guardian. Therefore, to the extent that plaintiff Nancy Grant seeks any action on behalf of her son, such allegations are dismissed.

**B.**

A review of the Desoto Clerk of Circuit Court dockets reveals an open pending criminal case against a Kevin Edwin Daughtrey and

-2-

an open pending case for fraud (impersonation or misrepresentation of self as qualified to practice law) against plaintiff Nancy Grant.  Both cases are currently pending before Judge James S. Parker and have not yet been resolved.

The Rooker-Feldman doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  In essence, the Rooker-Feldman doctrine prevents any federal court other than the United States Supreme Court from reviewing the final judgments of state courts.  The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment if plaintiff had a reasonable opportunity to raise his or her federal claims in the state proceedings. Goodman, 259 F.3d at 1332; Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000)(*en banc*); Amos v. Glynn County Board of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003) (internal citations omitted). A claim is inextricably intertwined with the state court adjudication when federal relief can only be predicted upon a finding that the state court was wrong. Goodman, 259 F.3d at 1332.

Even if the case had been properly removed, based on the Rooker-Feldman doctrine, the Court finds that all of federal constitutional claims that plaintiff seeks to raise herein could have been and can be presented to the state court by her or her

counsel during the proceedings in the criminal case or any other case pending therein.  To the extent that plaintiff can state a *civil* case, separate from the state proceedings, she will be provided the opportunity to do so.  To the extent that plaintiff's sons also has claims, he must sign any Amended Complaint as a co-plaintiff.

### C.

The pleadings of a *pro se* litigant, that is an unrepresented individual, are held to a less stringent standard than those drafted by an attorney, and therefore must be liberally construed. Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002). This however does not relieve plaintiff from the obligations imposed by the Federal Rules of Civil Procedure or the Middle District of Florida Local Rules.  The Court finds that plaintiff should be afforded an opportunity to amend the complaint to properly allege her claims and in doing so plaintiff should adhere to the following instructions.

In filing an Amended Complaint, plaintiff must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs.  The document should be entitled "Amended Complaint."  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated.  It is improper for Plaintiff to merely list

constitutional rights or federal rights and/or statutes or state rights and/or statutes.  Plaintiff must provide support in the statement of facts for the claimed violations.  Further, in the body of the Amended Complaint Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged claim.  Plaintiff must provide support in the statement of facts for the claimed violations.  More than conclusory and vague allegations are required to state a cause of action.  Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Complaint is dismissed without prejudice with leave to file an Amended Complaint within **TWENTY (20) DAYS** of this Order in compliance with the directions above.  **If no Amended Complaint is filed within the time allotted, the entry of judgment will be entered dismissing the case without prejudice and closing the case without further notice.**

2. Plaintiff's Motion to Add Defendant (Doc. #4) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of September, 2006.

_____
JOHN E. STEELE
United States District Judge

-5-

```
Copies:
U.S. Magistrate Judge
Counsel of record
DCCD
```